UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KAREN SIMPSON and RICHARD SIMPSON,**

    Plaintiffs,

v.                                                        Case No: 5:18-cv-328-Oc-30PRL

**MAGIC BURGERS, LLC,**

    Defendant.

## ORDER

This matter is before the court on Defendant, Magic Burgers, LLC's motion to compel production of documents in compliance with a subpoena to a nonparty, The Memory Doctor, Douglas Mason Psy.D. (Doc. 46).

In this personal injury case, Plaintiff Karen Simpson sues Defendant, Magic Burgers, LLC, for damages as a result of a trip and fall incident that occurred on Defendant's premises. (Doc. 13). Defendant sought the production of all of Plaintiff's medical records and reports to investigate Plaintiff's claims. Plaintiff did not object and The Memory Doctor was served with a subpoena on April 15, 2020. (Doc. 46-1).

On August 17, 2020, the court ordered The Memory Doctor to show cause why the motion to compel should not be granted. (Doc. 47). The Memory Doctor responded by asserting that the plaintiff had not selected the release of certain records on the release form. (Doc. 49). The court then ordered Defendant to notify the court if it planned to proceed with its motion to compel. (Doc. 48).

Now, Defendant has notified the court that it intends to proceed with the motion. (Doc. 51). Defendant has attached an authorization form signed by the plaintiff that authorized the release of the Neuropsychological Evaluation Report, mental health information, drugs and/or alcohol information, treatment summary information, psychotherapy notes, and medical psychological clearance. (Doc. 51-1). According to Defendant, The Memory Doctor had this form, which has all the appropriate records selected, and is signed by the Plaintiff, as well as the other signed authorization form that The Memory Doctor submitted to the court without all of the necessary records selected.

The two authorization forms, both signed by the plaintiff in this case—as well as the complete lack of objection by the plaintiff to the request and the motion to compel—sufficiently identify the records Plaintiff sought (and authorized) to be released to Defendant (which includes all of the records Defendant has sought). Any further back and forth between the Defendant, The Memory Doctor, and the court would be a waste of judicial resources.

Accordingly, the motion to compel (Doc. 46) is **GRANTED.** The Memory Doctor shall comply with the subpoena and release all records the plaintiff authorized in the signed releases on **or before September 14, 2020**.

Defendant also requests reasonable attorney's fees and costs. However, because the motion involves a non-party, Rule 37 (which applies only to parties) is not applicable. Fed. R. Civ. P. 37; *United States for Use & Benefit of Am. Builders & Contractors Supply Co. v. Great Am. Ins. Co.*, No. 3:12-MC-36-J-34TEM, 2012 WL 12910657, at *1 (M.D. Fla. June 26, 2012). To the extent that the defendant relies on Rule 45 in its request for attorney's fees, Rule 45 provides the court with authority to hold a nonparty who has failed to comply with a subpoena in contempt of court, it does not provide for an award of attorney's fees and costs absent such a finding. Fed. R. Civ. P.

- 3 -

45(g); *Jet Glob., Inc. v. Ryan*, No. 3:04-CV-719-J-25MMH, 2005 WL 8159706, at *2 (M.D. Fla. Oct. 14, 2005). The court has not found that The Memory Doctor's actions warrant a finding of contempt of court. In fact, The Memory Doctor said it would comply with the court's determination and was only erring on the side of caution to protect the privacy of its patients. (Doc. 49).

**DONE** and **ORDERED** in Ocala, Florida on September 4, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties